**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Juan Edenilson Machado Ayala,<br>Petitioner,<br>v.<br>Luis Rosa, Jr.,<br>Respondent. | No. CV-26-05588-PHX-DWL<br>**ORDER** |

In April 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging the legality of his immigration detention. *See Ayala v. Mullin*, No. 2:26-cv-02892-DWL-JFM, Doc. 1. More specifically, Petitioner alleged that he was placed in removal proceedings in April 2026 after being served with a notice to appear, that the immigration judge ("IJ") denied bond on the merits after holding a bond hearing, and that the Board of Immigration Appeals ("BIA") then improperly refused to consider his appeal from the adverse bond ruling, citing a lack of jurisdiction. *Id.* In a May 5, 2026 order, the Court granted relief in part, concluding that Petitioner was entitled to another bond hearing. *Id.*, Doc. 8. Petitioner then filed a motion for reconsideration, arguing that the Court awarded him the wrong remedy, but in a July 29, 2026 order, the Court denied further relief:

> Although it is unfortunate that the remedy the Court provided to Petitioner in the May 5, 2026 order—a new bond hearing—did not fully align with the claim asserted in his habeas petition, it effectively gave him meaningful relief. Petitioner had a statutory right to a bond hearing before an IJ and a regulatory right to appeal the IJ's resulting decision to the BIA. At the time he filed his habeas petition, Petitioner had received the former but been

> deprived of the latter. By ordering a new bond hearing before an IJ and clarifying that the IJ had jurisdiction to conduct that hearing, the Court effectively gave Petitioner two different pathways to relief—he might prevail during the second bond hearing, which the Court ordered to occur promptly, and even if not, he could then exercise his regulatory right of appeal to the BIA with full assurance that his second appeal would be resolved on the merits. This was arguably a more favorable outcome, from Petitioner's perspective, than the remedy of simply ordering the BIA to review, on the merits, Petitioner's appeal from the IJ's first adverse bond decision—a remedy, it must be noted, that the Court likely lacked the authority to impose at the time of the May 5, 2026 order and which Petitioner has now clarified he is not seeking.
>
> At bottom, the remedy that Petitioner has sought at every stage of this case—an order compelling his outright release from custody—is disproportionate to the underlying violation. As discussed, Petitioner had the right to a bond hearing before an IJ and the right to appeal the IJ's denial of bond to the BIA. He has now received both of those rights—he acknowledges he made a tactical choice not to exercise his right of appeal to the BIA following the second bond hearing. As a result, he is not being held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241, and thus is not entitled to habeas relief.

*Id.*, Doc. 15 at 3-4. Petitioner has since appealed that decision to the Ninth Circuit, and his appeal remains pending. *Id.*, Doc. 16.

On August 10, 2026, Petitioner initiated this action by filing a new § 2241 petition. (Doc. 1.) Petitioner asserts four claims for relief: (1) his detention violates 8 U.S.C. § 1231 because "[t]he Ninety-days statutory period has expired" (*id.* at 13); (2) his detention is arbitrary and capricious because "it is not rationally related to any immigration purpose" and "lacks statutory authorization" (*id.* at 13); (3) ICE failed to follow its regulations governing the revocation of release at 8 C.F.R. § 241.4(i) (*id.* at 11, 14); and (4) his detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because "[t]he 90-day removal period and the six month presumptive reasonably period from *Zadvydas* have long since expired" (*id.* at 14). Petitioner also suggests he had a right to a pre-deprivation hearing before his parole could be revoked. (*Id.* at 17-18.) In response, Respondents argue as follows: "Petitioner's claims can be grouped into three broad

categories: those that could have been brought in his prior petition, those that incorrectly assume that he is subject to a final order of removal, and those that challenge the result of his bond hearing. Respondents argue that all three categories should be denied. Those counts that Petitioner could have brought in his prior petition should be denied under the so-called abuse of the writ doctrine. Those counts that presume that Petitioner is subject to a final order of removal should be denied because Petitioner is not subject to a final order of removal. Finally, those counts that seek to challenge the result of Petitioner's bond hearing should be denied for failure to exhaust administrative remedies." (Doc. 8 at 2.)

It is unnecessary to address Respondents' invocation of the abuse of the writ doctrine because all of Petitioner's claims fail on the merits. Petitioner's arguments regarding § 1231 and *Zadvydas* are misplaced because there is no allegation (or evidence) that Petitioner is subject to a final order of removal. To the contrary, it appears that Petitioner is being detained under § 1226(a) while his removal proceedings are ongoing. And because § 1226(a) authorizes detention in this circumstance, Petitioner's assertion that his detention "is not rationally related to any immigration purpose" and "lacks statutory authorization" (Doc. 1 at 13) lacks merit. Finally, to the extent Petitioner invokes the regulations appearing at 8 C.F.R. § 241(i), that line of argument is unavailing because those regulations only govern "when an OSUP [order of supervision] may be revoked and the procedures that must be followed upon revocation." *Singh v. Unknown Party*, 2026 WL 1839137, *1 (D. Ariz. 2026). But there is no allegation (or evidence) that Petitioner was ever released pursuant to an OSUP—instead, by his own account, he was previously released on an order of parole, only for his parole to be revoked based on a DUI conviction. There is no statutory or constitutional right to a pre-deprivation hearing in this circumstance. *Id.* at *2-5.

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. The § 2241 petition (Doc. 1) is **denied**.
2. The motion for decision (Doc. 11) is **denied as moot**.
3. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 13th day of November, 2026.

Dominic W. Lanza
United States District Judge